UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| DELOYD SCOTT, CORY TEMPLE CONRAD STEELE, CHEYENNE FORBIS,<br><br>                Plaintiffs,<br><br>    v.<br><br>CITY OF COEUR D'ALENE, COEUR D'ALENE POLICE DEPARTMENT, WAYNE LONGO, TIMOTHY NEAL, JONATHAN CATRELL, ERIK TURRELL, BRADY REED, DONALD CRAFT, DONALD ASHENBRENNER, JOSHUA SCHNEIDER, HANK DUNHAM, JOHN DOES 1 - 10<br><br>                Defendants. | Case No. 2:09-CV-0066-EJL<br><br>**ORDER ADOPTING REPORT AND RECOMMENDATION** |

On August 6, 2010, United States Magistrate Ronald E. Bush issued his Report and Recommendation in this matter. Docket No. 36. Pursuant to 28 U.S.C. § 636(b)(1), the parties had fourteen days in which to file written objections to the Report and Recommendation. Defendants filed their objections on August 20, 2010. Docket No. 37. No objection or response to the objections filed by Defendants was filed by Plaintiffs.

**ORDER - 1**

The matter is now ripe for the Court's review.

Having fully reviewed the record, the Court finds that the facts and legal arguments are adequately presented in the briefs and record. Accordingly, in the interest of avoiding further delay, and because the Court conclusively finds that the decisional process would not be significantly aided by oral argument, this matter shall be decided on the record before this Court without oral argument.

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court "may accept, reject, or modify, in whole or in part, the findings and recommendations made by the magistrate judge." Moreover, this Court "shall make a de novo determination of those portions of the report which objection is made." *Id.* In *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003), the court interpreted the requirements of 28 U.S.C. 636(b)(1)(C):

> The statute [28 U.S.C. § 636(b)(1)(C)] makes it clear that the district judge must review the magistrate judge's findings and recommendations de novo if objection is made, but not otherwise. As the *Peretz* Court instructed, "to the extent de novo review is required to satisfy Article III concerns, it need not be exercised unless requested by the parties." *Peretz*, 501 U.S. at 939 (internal citation omitted). Neither the Constitution nor the statute requires a district judge to review, de novo, findings and recommendations that the parties themselves accept as correct. *See Ciapponi*, 77 F.3d at 1251 ("Absent an objection or request for review by the defendant, the district court was not required to engage in any more formal review of the plea proceeding."); *see also Peretz*, 501 U.S. at 937-39 (clarifying that de novo review not required for Article III purposes unless requested by the parties)
> . . . .

*See also Wang v. Masaitis*, 416 F.3d 993, 1000 & n.13 (9th Cir. 2005). Based on the objections filed in this case, the Court has conducted a de novo review of the record pursuant to 28 U.S.C. § 636(b).

**ORDER - 2**

# FACTUAL BACKGROUND

This case alleged constitutional violations by various police officers, The Coeur d'Alene Police Department, Chief of Police Wayne Longo and the City of Coeur d'Alene involving a traffic stop and observers to the traffic stop who were videotaping the stop and who were talking to the officers conducting the traffic stop. One of the observers was ultimately tasered for not complying with an officer's request for identification. The specific factual background was set forth in the Report and Recommendation and the Court incorporates those facts by reference as to the traffic stop of Plaintiff Conrad Steele ("Steele"), Plaintiff Deloyd Scott's ("Scott") arrest, and videotaping by Plaintiffs Cory Temple ("Temple") and Cheyenne Forbis ("Forbis"). Report and Recommendation, pp. 1-7, Docket No. 36.

In the Report and Recommendation, Judge Bush recommends that Plaintiff Steele's claims based on an alleged lack of probable cause for the traffic stop and an alleged unlawful search of the vehicle incident to the arrest of the passenger survives summary judgment as well as Plaintiff's Scott's claim based on the alleged excessive force applied during his arrest. Because these claims survive summary judgment, Judge Bush also recommends the claims against the municipality and the Chief of Police also survive. Judge Bush further recommends the following claims be dismissed: all of Plaintiffs' RICO claims; Scott's probable cause for arrest claim; Scott's malicious prosecution claim; all of Temple's and Forbis' claims; and all claims against the Coeur d'Alene Police Department. Since Plaintiffs did not file any objections to the findings or

ORDER - 3

recommendations, the Court need not conduct a de novo review of these findings and adopts as its own the reasoning of Judge Bush on those claims recommended to be dismissed.

Defendants object to the Magistrate Judge's failure to recommend summary judgment on the remaining claims. The Court will conduct a de novo review of those claims.

## STANDARD OF REVIEW

Motions for summary judgment are governed by Rule 56 of the Federal Rules of Civil Procedure. Rule 56 provides, in pertinent part, that judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c).

The Supreme Court has made it clear that under Rule 56 summary judgment is mandated if the non-moving party fails to make a showing sufficient to establish the existence of an element which is essential to the non-moving party's case and upon which the non-moving party will bear the burden of proof at trial. *See, Celotex Corp v. Catrett*, 477 U.S. 317, 322 (1986). If the non-moving party fails to make such a showing on any essential element, "there can be no `genuine issue of material fact,' since a complete

failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Id.* at 323.[1]

Moreover, under Rule 56, it is clear that an issue, in order to preclude entry of summary judgment, must be both "material" and "genuine." An issue is "material" if it affects the outcome of the litigation. An issue, before it may be considered "genuine," must be established by "sufficient evidence supporting the claimed factual dispute . . . to require a jury or judge to resolve the parties' differing versions of the truth at trial." *Hahn v. Sargent*, 523 F.2d 461, 464 (1st Cir. 1975) (*quoting First Nat'l Bank v. Cities Serv. Co. Inc.*, 391 U.S. 253, 289 (1968)). The Ninth Circuit cases are in accord. *See, e.g., British Motor Car Distrib. v. San Francisco Automotive Indus. Welfare Fund*, 882 F.2d 371 (9th Cir. 1989).

According to the Ninth Circuit, in order to withstand a motion for summary judgment, a party

> (1) must make a showing sufficient to establish a genuine issue of fact with respect to any element for which it bears the burden of proof; (2) must show that there is an issue that may reasonably be resolved in favor of either party; and (3) must come forward with more persuasive evidence

---

[1] *See also*, Rule 56(e) which provides, in part:

> When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleadings, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.

ORDER - 5

than would otherwise be necessary when the factual context makes the non-moving party's claim implausible.

*Id.* at 374 (citation omitted).

Of course, when applying the above standard, the court must view all of the evidence in a light most favorable to the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986); *Hughes v. United States*, 953 F.2d 531, 541 (9th Cir. 1992).

## ANALYSIS

**1. Traffic stop of Steele.**

Defendant argues the traffic stop of Steele for failure to use his turn signal was objectively reasonable and based on probable cause even though Steele disputes the Officer Cantrell's contention that he did not use his traffic signal or that his traffic signal was not working. Judge Bush found there were genuine issues of material fact that prevented the granting of summary judgment on this claim.

Defendants claim Officer Cantrell's affidavit that he did not see Steele use a turn signal should be relied upon for purposes of the summary judgment motion because even if Officer Cantrell mistakenly perceived a lack of turn signal, his perceived traffic violation supports a finding of probable cause pursuant to *Johnson v. Crooks*, 326 F.3d 995, 998-99 (8th Cir. 2003).

While it is true the Eighth Circuit held an officer can have a "mistaken" belief regarding whether or not a traffic violation occurred and that mistaken belief can still

ORDER - 6

provide probable cause for the traffic stop, that case is not binding precedent on this Court and the disputed facts in this case support allowing a jury to weigh the credibility of the officer and Steele. Moreover, the Court also acknowledges a jury could find certain contacts were rusty and could have affected the turn signal light that was visible to the officer even if Steele is correct that he used his turn signal that evening. The Defendant's objection is noted and denied.

**2. Search of the vehicle incident to arrest of passenger.**

It is undisputed there was an outstanding warrant for the arrest of Steele's passenger, Michael Dusek ("Dusek') based on his alleged failure to appear. As a result of the arrest of the passenger, officers searched the interior of the vehicle to which Dusek would have had access. The current state of the law for searches incident to arrest is set forth in *Arizona v. Gant*, ___ U.S. ___, 129 S. Ct. 1710 (2009). In *Gant*, the Supreme Court held that officers may not search a vehicle incident to arrest unless the search is likely to provide some evidence related to cause for arrest. Defendants argue that the search was to look for evidence related to the warrant for failure to appear or in the alternative due to exigent circumstances since the driver was not being detained and was free to leave with the vehicle and any evidence.

Because the warrant for Dusek was for failure to appear, it is unlikely that any evidence related to that crime would have been found searching the vehicle. After Dusek was removed from the vehicle, the driver, Steele, was asked to step out of the vehicle so any alleged concern for officer safety when Steele was allowed to stay in the car while

ORDER - 7

Dusek was removed seems disingenous as Steele could have accessed the same area later searched by officers.

Regardless, the Court finds it need not decide the alternative theories presented for searching the vehicle as the officers were entitled to qualified immunity for their search incident to the arrest of Dusek. Congress has created a cause of action against private individuals who, while acting under color of law, violate the constitutional rights of private citizens. Section 1983 provides in pertinent part:

> Every person who, under color of any statute, […] subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivations of any rights, privileges or immunities secured by the Constitution and laws, shall be liable to the party injured.

*Id.* In order for a plaintiff to prevail on a § 1983 claim they must show that (1) the actor that deprived them of their rights acted under color of law and (2) the action actually deprived them of a constitutional right. In this case the first requirement is not disputed by either of the parties. Police officers carrying out their duties act under color of law. Thus it is the second requirement that is at issue here. Steele contends that his constitutional right to be free of a search of his vehicle was violated when the front seat area of his vehicle was searched incident to the arrest of Dusek. Defendants assert that no constitutional right was violated and even if the right was violated the officer is entitled to qualified immunity.

While § 1983 provides a cause of action against police officers for constitutional violations that they might have committed, they are also entitled to qualified immunity

from § 1983 claims. Qualified immunity operates to "shield an officer from personal liability when an officer reasonably believes that his or her conduct complies with law." *Pearson v. Callahan*, 129 S.Ct. 808 (2009). The court in *Pearson* rejected the mandatory two-step approach that it had announced in *Saucier v. Katz*, 533 U.S. 194 (2001). *Id.* at 818. That approach had required courts to first decide if the defendant's "conduct violated a constitutional right" then decide whether the right was clearly established at the time of the alleged violation. *Saucier*, 533 U.S. at 201. Courts are now free to decide either question in whatever order is most appropriate given the circumstances.

In this case, the Court need not reach the question of whether or not the search constituted a violation of the Fourth Amendment because the law prohibiting a search incident to arrest was *not* clearly established when the search occurred. Stated another way, the law *allowing* the search of a vehicle incident to arrest of a passenger was clearly established at the time the search occurred and thus the officer's conduct is immune from suit.

At the time the vehicle was searched in this case, the law of the land was that regardless of the cause for arrest, law enforcement was entitled to search a vehicle incident to the arrest of a driver or passenger. New Yor v. Velton, 453 U.S. 454, 460-61 (1981). While *Gant* limited the scope of *Belton's* broad authority to search incident to arrest, at the time the search took place in this case in May of 2008, a reasonable officer would not have known of the limits on searching set forth in *Gant* which was decided in 2009. Rather, a reasonable officer would have believed that the clearly established law

ORDER - 9

on searches of vehicles incident to arrest of a passenger permitted the search that occurred. Accordingly, even if there was a constitutional violation when the vehicle was searched (which the Court is not deciding), the officers are still entitled to qualified immunity for conducting a search that was allowed under the prevailing clearly established law. For that reason, the Defendants are entitled to summary judgment on Steele's claim regarding the search of his vehicle and this claim must be dismissed.

**3. Force used to detain Plaintiff Scott.**

Judge Bush recommended that Scott's claim of excessive force survive summary judgment based on the disputed facts regarding the necessity of the use and frequency of use of a taser to detain Scott. This Court agrees probable cause existed to arrest Scott when the facts are undisputed that his bike did not comply with state laws for night riding and he failed to provide his name or identification to officers. The Court also agrees Plaintiff Scott has not set forth sufficient facts to sustain a claim for malicious prosecution. As to the excessive force claim, the Court also agrees based on its viewing and listening to the video recording by Plaintiffs Temple and Forbis, that a genuine issue of material fact exists regarding whether the force used to restrain Scott was or was not excessive under the Eighth Amendment of the Constitution.

The appropriate area of inquiry for a claim of excessive force incident to an arrest is the reasonableness test of the Fourth Amendment. *Graham v. Connor*, 490 U.S. 386, 394 (1989). The Supreme Court has directed the excessive force inquiry into "whether the officers' actions are 'objectively reasonable' in light of the facts and circumstances

ORDER - 10

confronting them, without regard to their underlying intent or motivation." *Id*. at 397. When weighing an excessive force claim, summary judgment is appropriate if the Court "concludes, after resolving all factual disputes in favor of the plaintiff, that the officer's use of force was objectively reasonable under all circumstances." *Scott v. Henrich*, 39 F.3d 912, 915 (9th Cir. 1994). Alternatively, "the court may make a determination as to reasonableness where, viewing the evidence in the light most favorable to [the plaintiff], the evidence compels the conclusion that [the officers'] use of force was reasonable." *Hopkins v. Andaya*, 958 F.3d 881, 885 (9th Cir. 1992). The Court can therefore find summary judgment if the force the officers used was appropriate in any circumstance, or if the circumstances in the specific case were such that the only conclusion is that the force was reasonable.

While considering this question the Court must be cognizant that "all determinations of unreasonable force "must embody allowance for the fact that police officers are often forced to make split-second judgments – in circumstances that are tense, uncertain, and rapidly evolving – about the amount of force that is necessary in a particular situation." *Henrich*, 39 F.3d at 914 (quoting *Graham*, 490 U.S. at 396-97) (internal quotations omitted). In addition, a plaintiff can succeed on an excessive force claim only if they have suffered some compensable injury as a result of their treatment. *Graham* 490 U.S. at 394.

The *Graham* standard requires the Court to evaluate "(1) the severity of the crime at issue, (2) whether the suspect pose[d] an immediate threat to the safety of the officers

ORDER - 11

or others…[, and] (3) whether [she] [was] actively resisting arrest at the time of the arrest." *Deorle v. Rutherford*, 272 F.3d 1272, 1280 (9th Cir. 2001) (quoting *Chew v. Gates*, 27 F.3d 1432, 1440-41 (9th Cir. 1994)) (referring to the three step approach in *Graham*). Ultimately, the Court must weigh the interests of the government in enforcing the law and providing for the safety of police officers and bystanders against the individual's right to be free from intrusive and excessive force. *Graham*, 490 U.S. at 396. The Ninth Circuit cautions that because "such balancing nearly always requires a jury to sift through disputed factual contentions, and to draw inferences therefrom […] summary judgment or judgment as a matter of law in excessive force cases should be granted sparingly." *Santos v. Gates*, 287 F.3d 846, 853 (9th Cir. 2002) (citations omitted).

Having agreed with Judge Bush that the facts surrounding the use of the force on Scott are disputed, it will be up to a jury to resolve the factual disputes and to determine whether the officers violated Scott's Constitutional rights to be arrested free of the application of excessive force on the night of May 15, 2008. Defendants objections and any affirmative defense of qualified immunity are denied at this stage in the litigation as the Court finds the law regarding the use of excessive force was clearly established at the time of this incident and the facts regarding the use of force are disputed to the extent the Court is unable to determine if the force used was excessive and in violation of the Constitution.

### 4. Municipality liability claims.

Steele and Scott seek damages against the Chief of Police Longo and the City of Coeur d'Alene. The Supreme Court has held in *Monell v. Dept. of Soc. Serv. of City of New York*, 436 U.S. 658 (1978) that "local governing bodies […] can be sued directly under § 1983 for monetary, declaratory, or injunctive relief where […] the action that is alleged to be unconstitutional implements or executes a policy, statement, ordinance, regulation, or decisions officially adopted and promulgated by that body's officers." *Id.* at 690. The Court made clear that "a municipality cannot be held liable *solely* because it employs a tortfeasor." *Id.* at 691 (emphasis in original). The burden will be on Steele and Scott to show a policy or custom on the part of the City of Coeur d'Alene, which can be proven by the municipality's negligence in training or failure to respond to constitutional violations. *Gilette v. Delmore*, 979 F.2d 1342, 1349 (9th Cir. 1992).

In this case, the Court finds the Complaint filed by Plaintiffs sets forth minimal allegations for the municipality claims, but enough to survive summary judgment since the Defendants argue the claims against Police Chief Longo and the City of Coeur d'Alene must be dismissed as Plaintiffs have not established a violation of their constitutional rights. Since the Court has allowed one of Steele's and one of Scott's claims to proceed, the Court must reserve its rulings on the claims against the municipality and Chief of Police Longo.

If the jury determines Steele's and Scott's constitutional rights were not violated or that the officers are entitled to qualified immunity, there can be no municipal liability. The Supreme Court has held that no principle "authorizes the award of damages against a municipal corporation when […] the officer inflicted no constitutional harm." *City of Los Angeles v. Heller*, 475 U.S. 796, 799 (1986). This rule applies regardless of what the municipality's policies actually are. *Id.* ("If a person has suffered no constitutional injury at the hands of the individual police officer, the fact that the departmental regulations might have *authorized* the use of constitutionally excessive force is quite beside the point.") (emphasis in original). The parties are directed to submit a special verdict that allows a jury to consider the municipality's liability and liability of Chief of Police Longo only if the jury first finds a violation of a Constitutional right of either Steele or Scott.

## 5. Conspiracy claim

Even if no violation of a plaintiff's constitutional rights can be shown, Congress has created a § 1985 cause of action to punish conspiracies to deprive those rights. Subsection (3) of the statute provides that there shall be liability where two or more persons conspire "for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws." 42 U.S.C. § 1985 (3). There are multiple subsections of § 1985 and Lorenz fails to specify which section his claim falls under. Subsection (3) is the most likely, however, since subsection (1) is designed to allow government officers to perform

their duties and subsection (2) is designed to protect parties, witnesses and jurors from intimidation. Neither is at issue in this case. The Supreme Court has interpreted § 1985 such that "the language requiring intent to deprive of equal protection, or equal privileges and immunities, means that there must be some racial, or perhaps otherwise class-based, invidiously discriminatory animus behind the conspirator's action." *Griffon v. Breckenridge*, 403 U.S. 88, 102 (1971).

While the Complaint sets forth allegations regarding a conspiracy, the Defendants have not set forth adequate evidence or lack of evidence to put at issue the allegations. Instead, the Defendants move for dismissal based on the assumption there was no violation of the Constitutional rights of any of the Plaintiffs. The Court is concerned whether Steele and/or Scott can demonstrate as a matter of law that they are a member of any class protected by § 1985 and whether evidence (rather than mere speculation) exists to support the conspiracy claim. The Court will reserve its ruling on whether this claim will be allowed to proceed to the jury after it hears the evidence presented at the trial.

## ORDER

IT IS ORDERED:

1) Defendants' Motion for Summary Judgment (Docket No. 23) is GRANTED IN PART AND DENIED IN PART. Specifically, judgment should be awarded to Defendants as follows:

(A) on all of Plaintiffs' RICO claims;

(B) to the extent that there was probable cause for Plaintiff Scott's arrest;

(C) on Plaintiff Scott's malicious prosecution claim;

(D) on all of Plaintiff Temple's claims;

(E) on all of Plaintiff Forbis' claims;

(F) on all claims against the Coeur d'Alene Police Department; and

(G) on Plaintiff Steele's claim of an unconstitutional search of his vehicle and damage to his vehicle.

It is further recommended that the motion for summary judgment should be denied in all other respects.

2) The trial is set for Tuesday, December 7, 2010 at 9:30 a.m. at the Federal Courthouse in Coeur d'Alene, Idaho on the remaining claims. To the extent the parties have any interest in a settlement conference before a United States Magistrate Judge, the parties should file a stipulation with the Court and the matter will be referred for a settlement conference.

DATED: **September 14, 2010**

~~Honora~~ble Edward J. Lodge
U. S. District Judge